**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MEAGHAN YBOS, | ) | |
| MADISON GRAVES; | ) | |
| and RACHEL JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02211-JTF-tmp |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT CITY OF MEMPHIS'**
**MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Before the Court is Defendant City of Memphis' Motion for Sanctions filed on October 1, 2014. (ECF No. 61). On October 15, 2014, Plaintiffs filed a Corrected Response in Opposition to Defendant's Motion, ECF No. 63, to which Defendant filed a Reply Brief, ECF No. 67, on October 29, 2014. With leave from the Court, Plaintiffs filed a Sur-Reply on November 10, 2014. (ECF No. 70). On November 11, 2014, Plaintiff filed a supplemental Attachment. (ECF No. 71). For the following reasons, the Court finds the Defendant's Motion for Sanctions should be DENIED.

## I.  PROCEDURAL HISTORY

Plaintiffs, Meaghan Ybos, Madison Graves, and Rachel Johnson, were all victims of  sexual assaults committed by convicted serial rapist Anthony Alliano.  All three Plaintiffs filed reports with the Memphis Police Department and consented to forensic examinations resulting in collection of evidence in sexual assault kits ("SAKs").  The SAKs were to be used to assist the Memphis Police Department in

their criminal investigations and ultimate identification of those who committed the crimes.[1]  In what at first seemed to be an unrelated incident, Alliano was arrested for using a credit card that belonged to Rachel Johnson in May 2012.  This resulted in his prosecution and conviction for multiple rapes.[2]

On December 20, 2013, a class action was initiated in federal district court by unnamed Plaintiffs on behalf of themselves and all parties whose SAKs were allegedly never processed or tested by the City.[3]  On March 26, 2014, Plaintiffs Ybos, Graves, and Johnson filed the instant lawsuit.  In response to the original complaint, the Defendant City of Memphis filed a Motion to Dismiss on April 4, 2014. (ECF No. 5).  On May 9, 2014, Plaintiffs filed an Amended Complaint, raising various state law claims in addition to the previously alleged violations of their Fourth Amendment, due process, and equal protection rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (ECF No. 9).  On August 15, 2014, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a).  The Court entered an Order dismissing the matter on August 15, 2014.  (ECF No. 56 and ECF No. 58).  At issue, is Defendant's Motion for Sanctions pursuant to 28 U.S.C. § 1927.[4]  (ECF No. 61).

## II. ANALYSIS

The City argues that it is entitled to § 1927 sanctions against Plaintiffs' counsel and his law firm because: 1) Plaintiffs' claims were all premised on theories that were unsupported by the evidence, and 2) Plaintiffs' counsel failed in his duty to properly investigate the allegations prior to filing the complaint.  (ECF No. 61 and ECF No. 61-1, pp. 1-2, 4-8).

---

[1] The parties disputed when the rape kits were actually tested. According to the City of Memphis, Ybos' rape kit was located and processed on May 2, 2012; Madison Graves' rape kit was tested on May 28, 2003; and Rachel Johnson's rape kit was processed on or about June 30, 2010.  (ECF No. 5-1, p. 2 and Sealed Document,  ECF No. 31).

[2] Defendant Anthony Alliano entered a guilty plea on March 26, 2013 to the charges in Shelby County Criminal Court.  (ECF No. 1, ¶ 23).

[3] *Jane Doe, Jane Doe No. 2, and Jane Doe No. 3, Individually and as Class Representatives of All Others Similarly Situated  v. City of Memphis*, Case No. 2:13-cvg-03002-JTF-cgc.   Attorney Daniel O. Lofton filed a Notice of Appearance on Behalf of Particular Class Claimants in this case on October 1, 2014.  (ECF No. 38).

[4] The City states it is not requesting sanctions against the Plaintiffs. (ECF No. 61-1, p.1. n.1).

Title 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). Settlement and voluntary dismissal of an action does not deprive a district court of its statutory power to impose sanctions. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 644-45 (6th Cir. 2006). Section 1927 sanctions are intended to deter aggressive tactics by attorneys that far exceed zealous advocacy. *Id.* at 646; and *Followell v. Mills*, 317 Fed. App'x. 501, 511 (6th Cir. 2009). These sanctions empower the court to command obedience to the judiciary and to deter and punish those who abuse the judicial process.[5] *See also Williams v. White Castle System, Inc.*, No. 3:05-0496, 2008 WL 3852322 *4 (M.D. Tenn. Aug. 15, 2008). Section 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence. Unlike prevailing party provisions, sanctions under § 1927 are not designed for restitution purposes or to make a party whole. *Red Carpet*, 465 F.3d at 646.

The Sixth Circuit initially incorporated a subjective standard when assessing fees to opposing counsel. The intent was to punish an attorney for an intentional departure from proper conduct or for showing a reckless disregard of his duty as counsel to the court. *U.S. v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976). The language of 28 U.S.C. § 1927 was amended to impose an objective standard that authorizes sanctions against an attorney for unreasonable and vexatious multiplication of litigation despite the absence of any conscious impropriety. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). In *Jones*, the Sixth Circuit clarified that § 1927 fees are appropriate when an attorney

---

[5] One court noted that the purpose of the statute was to deter an improper purpose such as unnecessary delays in litigation. *Cara Leslie Alexander v. FBI*, 186 F.R.D. 6, *11 (DC Dist. Col 1998)(sanctions are not warranted for unintended, inadvertent or negligent conduct).

knows or reasonably should know that a claim is frivolous or that his tactics are obstructive to the litigation of non-frivolous claims.  Reviewing a matter objectively means:

> Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927.  There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987), *cert. denied sub nom. Swan v. Ruben*, 485 U.S. 934 (1988); *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009).   The standard is met when the attorney, though not guilty of conscious impropriety, intentionally pursues a claim that lacks a plausible legal or factual basis.  *Jones*, 789 F.2d at 1230.  In other words, § 1927 fees may be imposed without the Court finding that the attorney acted in bad faith.  *Ruben*, 825 F.2d at 984; *Holmes v. City of Massillion,* 78 F.3d 1041, 1049 (6th Cir. 1996);  *Haynie v. Ross Berar Div.  of  TRRW, Inc.*, 799 F.2d 237, 243 (6th Cir. 1986), *cert. dismissed*, 482 U.S. 901 (1987).

Plaintiffs voluntarily dismissed this action asserting their desire to "pursue state based remedies*."*  (ECF No. 56, p. 1).  During the status conference before this Court, counsel stated, "Our state claims are the core of our allegations, so it would be more proper there." (Transcript, ECF No. 61-2, p. 7).  Moreover, a local newspaper article reported that "Loften [sic] said the new suit avoids the "shakier ground" in federal court, where there is little legal precedent for the type of constitutional violations the women alleged."  (ECF No. 61-3, Exhibit B).

In support of its motion, the City argues that information was disclosed to opposing counsel on May 12, 2014, that disproved Plaintiffs' allegations that the rape kits were untimely tested.  Said disclosure is documented in the record and further authenticated by the TBI Crime Lab results.[6]  The City argues that everything that happened thereafter was unnecessary and improper because upon receiving the TBI reports, Plaintiffs should have immediately dismissed their case.

---

[6] See ECF No. 61-4, Exhibit C, pp. 1-4, ECF No. 67, pp. 2-3, Sealed ECF No. 31, ECF No. 30-1, and Exhibit A.

The Court is not persuaded by the City's argument, for several reasons.  First, Plaintiffs were not precluded from raising these issues based on information held pre-discovery and developing evidence to further support these claims later during the discovery process.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); and *Ridder,* 109 F.3d at 298.  The time to gather more facts and evidence in support of the claims was limited in this case.  Plaintiffs served the first set of written discovery to which the City moved the Court to strike as overbroad and impose a protective order.[7]  These matters were customary pretrial procedures, typically filed in all cases during the discovery process and the City should not have been overburdened or vexed during this early stage of the proceedings.

Plaintiffs were aware that another action against the City regarding the handling of the SAKs had been filed prior to this action.  Plaintiffs in this case asserted additional claims that included improper and untimely processing of the kits that led to other sexual assaults at the hands of the perpetrator, along with the claims asserted in the class action lawsuit that the kits were never tested.[8]  Plaintiffs maintained that their claims were not whether the tests were conducted but whether the City properly handled the DNA evidence.  (ECF No. 62, pp. 2-3).  All of this supports counsel's decision to dismiss the current action to pursue the separate claims of his clients in state court while joining in the other federal case in order to minimize duplicitous federal litigation.

Congress implemented § 1927 to prevent multiplicity of suits or processes in cases where a single suit or process might suffice.  When considering the imposition of § 1927 sanctions, the goal is to eliminate frivolous filings and multiple actions, not to punish attorneys for filing cases that he/she may lose.  *Roadway,* 447 U.S. at 759.  The Supreme Court has admonished that the inherent power of courts to assess fees and levy sanctions against attorneys should be exercised with "restraint and discretion,"

---

[7] (Plaintiffs' Notice of Service of Discovery and Related Documents, ECF No. 54,  Defendant's Motion to Strike, ECF No. 55, ECF No. 55-1, and ECF No. 55-3).

[8] Counsel has since filed a Notice of Appearance on behalf of his clients in that matter.  See Notice of Appearance filed by Daniel Lofton on behalf of Ybos, Johnson, and Graves in the related matter, Case No. 13-cv-3002 on October 1, 2014.  (ECF No. 38).

and consideration of any sanction, including attorney's fees under § 1927, should not be taken lightly. *Id.* at 766-67.  In this instance, the Court does not find that Plaintiffs' counsel or his firm displayed a disregard of the duty owed to the Court or intent to abuse the judicial process by initiating or maintaining frivolous or multiple proceedings. Instead, counsel's actions demonstrate his intent to curtail the federal proceedings and pursue the claims in the appropriate venue. The Court further recognizes that the case was pending before the undersigned Court for only five months.

The Court has considered the record in this case and the arguments proffered by both sides. Using an objective standard, the Court finds that Plaintiffs' counsel and his law firm did not disregard the orderly process of justice, initiate this case vexatiously, participate in any dilatory tactics or obstruct the advancement of other non-frivolous actions.  Therefore, the City's Motion for Sanctions pursuant to 28 U.S.C. § 1927, ECF No. 61, is **DENIED**.

**IT IS SO ORDERED** on this 19th day of May, 2015.


*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE